IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| KHALIL FOFANA, | : | CIVIL ACTION NO. **4:CV-09-1425** |
| Petitioner | : | (Judge McClure) |
| v. | : | (Magistrate Judge Blewitt) |
| DISTRICT DIRECTOR for ICE, et al., | : | |
| Respondents. | : | |

## REPORT AND RECOMMENDATION

### I. Background.

The Petitioner, Khalil Fofana, formerly an inmate at the York County Prison ("YCP"), York, Pennsylvania filed, through counsel, this 28 U.S.C. § 2241 Petition for a writ of habeas corpus on July 23, 2009. (Doc. 1). Petitioner was granted leave to proceed *in forma pauperis*. (Doc. 7). Petitioner was confined in the Middle District of Pennsylvania and, thus, this District Court had jurisdiction over his Petition. See *Rumsfeld v. Padilla*, 124 S. Ct. 2711, 2718, 2722 (2004) (habeas jurisdiction rests in the district of confinement). On August 10, 2009, the Court ordered Respondents to respond to the habeas petition. (Doc. 7). On August 31, 2009, the Respondent responded to the habeas petition. (Doc. 11).

### II. Claims of Habeas Petition.

In his habeas petition, Petitioner Fofana stated that was held in the custody of the Bureau of Immigration and Enforcement ("BICE") at YCP for more than nine (9) months after the termination of his federal sentence. (Doc. 1). On December 17, 2007, the Petitioner was convicted in the Court of Common Pleas of Delaware County, Pennsylvania, of robbery of a motor vehicle and was sentenced to a term of twelve (12) to twenty-four (24) months incarceration and a maximum probationary period of five (5) years. (Doc. 11 at 3; Civil No. 4:09-CV-1092, Docket No. 9, Exhibit A, Record of Deportable/Inadmissable Alien).

On December 4, 2008, an immigration judge ordered Petitioner Fofana removed from the United States. (Civil No. 4:09-CV-1092, Docket No. 9, Exhibit D, Order). On December

8, 2008, the Petitioner's Application to Register as a Permanent Resident or Adjust Status (Form I-485) was denied. (See Civil No. 4:09-CV-1092, Docket No. 9, Exhibit E, Decision). On May 8, 2009, the Petitioner was interviewed by the Liberian Consulate for the issuance of a Liberian travel document. (See Civil No. 4:09-CV-1092, Docket No. 9, Exhibit E, Decision and Exhibit F). Also on May 8, 2008, the Liberian Consulate informed BICE that the Petitioner was on the list for a travel document. (See Civil No. 4:09-CV-1092, Docket No. 9, Exhibit F). A charter flight to Liberia was scheduled for June of 2009 but was cancelled. (Id.; Doc. 1)

On September 15, 2009, Judge Rambo ordered that the Petitioner[1] be released from BICE custody within thirty (30) days, noting that his ninety (90) day removal period expired on June 4, 2009 and that the Respondent failed to adequately explain why removal of the Petitioner had not already taken place.[2] (Attachment #1, Civil No. 4:09-CV-1092, Docket No. 11).

In his habeas petition, the Petitioner claimed that his continued detention by BICE was contrary to the Court's holding in Zadvyas v. Davis, 533 U.S. 678 (2001). Petitioner stated that his ninety (90) day statutory removal period and six (6) month presumptively reasonable period for continued removal efforts both have passed and that the Respondents are unable to remove him because Liberia refused to accept him. (Doc. 1). The Petitioner also argues that his continued detention is a violation of substantive and procedural due process. (Doc. 1).

As relief, Petitioner requested that the Court assume jurisdiction over this matter; grant him a writ of habeas corpus directing Respondents to release him from custody; and enter a preliminary and permanent injunctive relief enjoining respondents from further detention of

---

[1]

We note that though petitioner's name has been spelled differently in Attachment #1, (Khalil Fofana and Kalil Fofana), but that it is the same person.

[2]

Per Judge Rambo's September 15, 2009, the Petitioner may have already been released. After the undersigned performed a search on the BOP locator website, http://www.bop.gov/iloc2/LocateInmate.jsp, the petitioner could not be located. See Attachment #2, #3.

petitioner. (Doc. 1).

## III. Discussion.

In his habeas petition, the Petitioner sought his immediate release from BICE's custody. However, the Petitioner's present challenge to his continued detention at YCP is now moot since this court has recently ordered that Petitioner be released from BICE's custody. (See Attachment #1, Civil No. 4:09-CV-1092, Docket No. 11).

In *Spencer v. Kemna*, 523 U.S. 1 (1998), the Supreme Court found that a petitioner's release in and of itself did not render moot his habeas petition. Rather, the Court stated that "[t]he more substantial question ... is whether petitioner's subsequent release caused the petition to be moot because it no longer presented a case or controversy under Article III, § 2, of the Constitution." *Id.* at 7. In the present case, Petitioner sought habeas relief seeking release from BICE's custody and he claimed that BICE violated his due process rights by subjecting him to indefinite detention in violation of *Zadvydas*. Thus, Petitioner claimed he was being unlawfully detained at YCP. The question arises as to whether Petitioner's claims are moot since BICE has already been ordered to release him from custody. In *Spencer*, the Court stated that "[t]he parties must continue to have a personal stake in the outcome of the lawsuit. This means that, throughout the litigation, the Plaintiff must have suffered, or be threatened with, an actual injury traceable to the Defendant and likely to be redressed by a favorable judicial decision." *Id.* (Citations omitted).

In *Nkemakolam v. Decker*, 2005 WL 2715905, *2 (M.D. Pa.), the Court stated:

> The case or controversy requirement of Article III, § 2 of the United States Constitution subsists through all stages of federal judicial proceedings. Parties must continue to have a " 'personal stake in the outcome' of the lawsuit." *Lewis v. Continental Bank Corp.*, 494 U.S. 472, 477-78, 110 S.Ct. 1249, 108 L.Ed.2d 400 (1990); *Preiser v. Newkirk*, 422 U.S. 395, 401, 95 S.Ct. 2330, 45 L.Ed.2d 272 (1975). In other words, throughout the course of the action, the aggrieved party must suffer or be threatened with actual injury caused by the defendant. *Lewis*, 494 U.S. at 477. The adjudicatory power of a federal court depends upon "the *continuing* existence of a live and acute controversy." *Steffel v. Thompson*, 415 U.S. 452, 459, 94 S.Ct. 1209, 39 L.Ed.2d 505 (1974) (emphasis in original). "The rule in federal cases is that an actual controversy must be extant at all stages of review, not merely at the time the complaint is filed." *Id.* at n. 10 (citations omitted). "Past exposure to illegal conduct is insufficient to sustain a present case or controversy ... if unaccompanied by continuing, present adverse effects." *Rosenberg v. Meese*, 622 F.Supp. 1451, 1462 (S.D.N.Y.1985) (citing *O'Shea v. Littleton*, 414 U.S. 488, 495-96, 94

S.Ct. 669, 38 L.Ed.2d 674 (1974)); *see also Gaeta v. Gerlinski,* Civil No. 3:CV-02-465, slip op. at p. 2 (M.D.Pa. May 17, 2002) (Vanaskie, C.J.).

Because Petitioner Fofana was ordered to be released from BICE custody, his habeas petition is moot. On September 15, 2009, Judge Rambo ordered that the Petitioner be released from BICE custody within thirty (30) days. (*See* Civil No. 4:09-CV-1092, Docket No. 11). The relief Petitioner requested, *i.e.* for the Court to order his immediate release from BICE custody, cannot be granted by the Court in light of his previous release from BICE's custody. We find that Petitioner no longer has a case or controversy before this Court, since he does not presently have any adverse effects regarding his prior detention by BICE due to his impending. (*See* Civil No. 4:09-CV-1092, Docket No. 11).

Accordingly, we find that Petitioner's impending release from federal custody constitutes an end to his detention. (*See* Attachment #1, Civil No. 4:09-CV-1092, Docket No. 11). Petitioner is no longer threatened with any actual injury traceable to Respondent and likely to be redressed by a favorable decision by this Court. If Petitioner abides by the conditions of his Order of Supervision and reports monthly as directed, Respondent cannot simply detain him again for no reason while it is waiting to effectuate his removal. Thus, there is no longer any case or controversy presented by the petitioner's petition for habeas relief and his habeas petition should be dismissed as moot. *See Cox v. McCarthy,* 829 F.2d 800, 802-03 (9th Cir.1987) (A petition for habeas corpus becomes moot when a prisoner is released on parole before the court addresses the merits where being paroled leaves no relief possible); *Phat v. Gonzales,* 2007 WL 2407287 (M.D. Pa. 2007)(habeas petition of alien in custody of ICE challenging his continued detention was moot since Petitioner was released from ICE custody on an order of supervision); *Nkemakolam v. Decker,* 2005 WL 2715905 (M.D. Pa. 2005) (habeas Petition was dismissed as moot since Petitioner was granted a cancellation of removal and released from ICE custody); *Brown v. Attorney General,* Civil No. 09-0681, M.D. Pa. (5-8-09 Order, J. Rambo).

We find that Petitioner is not currently suffering from an actual injury traceable to the Respondent since Judge Rambo has ordered that he be released from federal custody. (See

Attachment #1, Civil No. 4:09-CV-1092, Docket No. 11). Thus, we find that there is no longer a case or controversy presented. The Petitioner's claims are moot since he was ordered to be released from YCP by BICE and/or he is no longer being detained, and there are no collateral consequences alleged as a result of the BICE's detention of him. *See Williams v. Sherman*, 214 Fed. Appx. 264 (3d Cir. 2007); *Hinton v. Miner*, 138 Fed. Appx. 484 (3d Cir. 2005); and *Ruiz v. Smith*, Civil No. 05-2412, M.D. Pa. (4-5-07 Order, J. Nealon) (Petitioner's release from BOP custody rendered habeas petition moot even though Petitioner was placed on supervised release).

We find that, based on the above discussion, the Petitioner's habeas petition is moot and recommend that his habeas petition be dismissed.

## IV. Recommendation.

Based on the foregoing, it is respectfully recommended that Petitioner's habeas petition be dismissed as moot.

s/ Thomas M. Blewitt
**THOMAS M. BLEWITT**
**United States Magistrate Judge**

**Dated: October 7, 2009**

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| KALIL FOFANA | CIVIL NO. 1:09-CV-1092 |
| Petitioner | |
| vs. | |
| THE DISTRICT DIRECTOR FOR IMMIGRATION CUSTOM ENFORCEMENT THE DEPARTMENT OF HOMELAND SECURITY | |
| Respondent | |

**ORDER**

      The background of this case is as follows: A Petition for Writ of Habeas Corpus. (Doc.1) was filed on June 9, 2009. The case was dismissed on July 21, 2009. The order of dismissal was later vacated and on July 28, 2009, and the Respondent was directed to show cause why Habeas Corpus relief should not be granted. (Doc. 7).

      The court has reviewed the August 17, 2009 Response (Doc. 9) to the Petition for Writ of Habeas Corpus filed by the Respondent. The court notes that the Petitioner's 90 day removal period expired on June 4, 2009. The Government has failed to adequately explain why removal of the Petitioner has not taken place.

      Therefore, **IT IS HEREBY ORDERED**, that the Petitioner is to be released from custody within 30 days of this order under conditions set by the Immigration and Naturalization Services.

Dated: September 15, 2009.
                                                  S/Sylvia H. Rambo
                                                  United States District Judge

ATTACHMENT 1

# Inmate Locator - Locate Federal inmates from 1982 to present

| Name | Register # | Age-Race-Sex | Release Date Actual or Projected | Location |

**Inmate Not Found.**

**Name**: KALIL FOFANA **Race**: unspecified **Sex**: unspecified

New Search    FAQs    Privacy

ATTACHMENT 2

Inmate Locator - Locate Federal inmates from 1982 to present

| Name | Register # | Age-Race-Sex | Release Date Actual or Projected | Location |

**Inmate Not Found.**

**Name**: KHALIL FOFANA **Race**: unspecified **Sex**: Male

**New Search**    FAQs    Privacy

ATTACHMENT 3

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| KHALIL FOFANA, | : | CIVIL ACTION NO. **4:CV-09-1425** |
| Petitioner | : | (Judge McClure) |
| v. | : | (Magistrate Judge Blewitt) |
| DISTRICT DIRECTOR for ICE, et al., | : | |
| Respondents. | : | |

## NOTICE

**NOTICE IS HEREBY GIVEN** that the undersigned has entered the foregoing **Report and Recommendation** dated **October 7, 2009.**

Any party may obtain a review of the Report and Recommendation pursuant to Rule 72.3, which provides:

> Any party may object to a magistrate judge's proposed findings, recommendations or report addressing a motion or matter described in 28 U.S.C. § 636 (b)(1)(B) or making a recommendation for the disposition of a prisoner case or a habeas corpus petition within ten (10) days after being served with a copy thereof. Such party shall file with the clerk of court, and serve on the magistrate judge and all parties, written objections which shall specifically identify the portions of the proposed findings, recommendations or report to which objection is made and the basis for such objections. The briefing requirements set forth in Local Rule 72.2 shall apply. A judge shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made and may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge, however, need conduct a new hearing only in his or her discretion or where required by law, and may consider the record developed before the

magistrate judge, making his or her own determination on the basis of that record. The judge may also receive further evidence, recall witnesses or recommit the matter to the magistrate judge with instructions.

**s/ Thomas M. Blewitt**
**THOMAS M. BLEWITT**
**United States Magistrate Judge**

**Dated: October 7, 2009**